The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the undersigned reach the same facts as those reached by the Deputy Commissioner, with some modification but modifies the conclusions and holding of the Deputy Commissioner. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
The undersigned finds as fact and concludes as matter of law the following which was entered into by the parties at the hearing as
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the plaintiff and the defendant-employer.
3. The defendant-employer was self-insured, with Hewitt Coleman Associates, Inc. serving as the servicing agent.
4. Plaintiff's average weekly wage is as set forth on the Form 22 (Wage Chart).
5. Plaintiff suffered an injury by accident on April 12, 1996, when he fell and spilled chemicals all over his body and face.
6. Defendant-employer admitted liability and some benefits were paid as a result of his accident. However, the issue before the Commission is whether plaintiff is entitled to benefits resulting from the scars/disfigurement.
 ***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. As a result of this injury by accident, plaintiff has burn scars on his face in the forehead area, on the end of the nose and on the left cheek. These scars are visible and can be seen from a distance in excess of 10-12 feet.
2. Plaintiff has scars on his body in the stomach area, chest area, shoulder, and left arm area. He also has scars on his right leg. These scars are very visible and can be seen from a distance of 20-30 feet.
3. As a result of these burns, plaintiff cannot stand temperatures more than 74 degrees. He can not have sun light on his face or body as it becomes irritated. He uses cream and sun screen to cover his body.
4. According to plaintiff, the scars make him very angry when people look at them or talk about them. These scars are somewhat embarrassing to plaintiff. Furthermore, plaintiff cannot work outside and he cannot wear tight clothing.
5. Based on plaintiff's age, training, experience, education, occupation, and adaptability to employment, the scars are repulsive and it can reasonably be presumed that the scars will lessen plaintiff's opportunities for remunerative employment.
6. The fair and equitable compensation for disfigurement under the North Carolina Workers' Compensation Act for plaintiff's face is $5,000.00.
7. The fair and equitable compensation for disfigurement under the North Carolina Workers' Compensation Act for the scars to plaintiff's body is $4,000.00.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. As a result of the injury by accident giving rise to this claim, plaintiff has sustained a serious bodily disfigurement for which he is entitled to compensation in the amount of $4,000.00. N.C. Gen. Stat. § 97-31(22).
2. As result of this injury by accident giving rise to this claim, plaintiff has sustained a serious facial disfigurement for which he is entitled to compensation in the amount of $5,000.00. N.C. Gen. Stat. § 97-31(21).
3. Since plaintiff is making an election on N.C. Gen. Stat. § 97-31, the defendant is entitled to a credit for the payments already made pursuant to N.C. Gen. Stat. § 97-30.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay plaintiff $9,000.00 in a lump sum, which amount represents the fair and equitable compensation for a serious facial and bodily disfigurement that plaintiff sustained as a result of the accident.
2. An attorney's fee in the amount of twenty-five percent (25%) of the Award is hereby approved for plaintiff's counsel. Said amount shall be deducted from the aforesaid Award and shall be paid directly to plaintiff's counsel.
3. Defendant shall pay the cost due the Commission.
4. Counsel shall confer in order to resolve the issue of a credit for the payments already paid pursuant to N.C. Gen. Stat. § 97-30.
This the ___ day of December 1998.
 S/_________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/______________________ J. HOWARD BUNN, JR. COMMISSIONER
S/______________________ THOMAS J. BOLCH COMMISSIONER